Jones, Oliver B., J.
Plaintiff, Charles Farrell, was in the employ of the defendant and was engaged in loading brick upon an automobile truck at the railroad yards and unloading same from the truck at a building which was being constructed by *94 defendant on Main street in the city of Cincinnati. He and other men engaged in the same task were permitted to ride on the truck from the building to the railroad yards, and while so riding, at the time of the injury, March 17, 1913, he sat upon the side of the truck with his feet hanging over the side directly over the sprocket wheel and chain by which said truck was propelled, other men sitting on either side of him. When the truck arrived at the railroad yards it was driven within a few feet of an approaching wagon, and plaintiff, fearing for his safety, instinctively drew back his leg, which was thus caught in the sprocket and chain and was crushed so that amputation was necessary.
The defendant at the time employed more than five workmen in the same line of business, and had not then availed itself of the protection of the workmen’s compensation law.
At the close of the evidence, the court, upon motion of defendant, directed the jury to return a verdict for the defendant, upon which a judgment was entered; and error proceedings are here prosecuted to set aside that judgment.
Two grounds of negligence were alleged in plaintiff’s petition:
1. That the defendant “negligently and carelessly permitted and suffered the said sprocket and chain on said automobile to remain exposed and uncovered.”
2. That the defendant “negligently and carelessly ran and moved said automobile. truck dangerously close to a passing wagon, and that plaintiff reasonably anticipated bodily injury from col *95 lision from said wagon and sought to withdraw himself from said apparent danger, that in so doing his leg became entangled in said sprocket and chain.”
The bill of exceptions does not purport to contain all the evidence, but on the contrary it is certified that it is a “narrative form of the evidence produced by the parties and heard by the court on the question of negligence and the injury.” The evidence in the bill of exceptions, however, shows that 70 per cent, of all truck automobiles known to the business are chain driven, and that the sprocket and chain in all makes are exposed and uncovered.
It appears also that the sprocket and chain are in a measure protected by the wheels, and the edge or bed of the truck. These trucks are made for the purpose of hauling freight, and it is not intended that people riding upon them shoüld extend their legs down over the side in the vicinity of the sprocket and chain.
It appears in this case that plaintiff had a choice of position upon the truck and there was ample opportunity for him to have placed himself where he would have been in no danger whatever from the sprocket wheel and chain. Had he so placed himself, no injury could have resulted from his fear of contact with the passing wagon, and there would have been no reason for his thrusting his leg in contact with the chain and sprocket, because of fear of such collision.
It therefore appears that no negligence can be attributed to defendant from the use of such chain-driven automobile truck, and that the proximate *96 cause of the plaintiff’s injury was his own act in placing himself upon the truck at such point as to be in danger.
Error is urged, on the part of the plaintiff, in the court’s refusal to allow him to prove that “a cotter pin in the sprocket wheel had been lost and defendant had replaced it with a wire, which extended some distance beyond the axle.”
The refusal to admit such testimony is shown in the bill of exceptions, as follows:
“The court sustained the objection for the reason, that there was no allegation in the petition as to any negligence on account of a defective construction or condition of the sprocket wheel except that it was exposed, and the court offered to allow the plaintiff to amend his petition, which the plaintiff refused to do.”
A careful consideration of the petition shows that the trial court was correct in its statement that no allegations of defective construction or condition -of the sprocket wheel appeared in the petition, and plaintiff, having refused to avail himself of the opportunity offered by the court to amend his petition in that respect, cannot now be heard to complain of the refusal to receive such testimony.
The second defense of the answer of defendant set up a payment in full and a settlement and a release in bar by the plaintiff. There is nothing in the bill of exceptions to show what evidence was introduced in that respect, and, under the presumption in favor of the ruling of the trial court, it must be held that a directed verdict was justified under that defense.
*97 The court finding no prejudicial error, the judgment below is affirmed.

Judgment affirmed.

Jones, E. H., and Gorman, JJ., concur.